**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cr-0019** |
| | ) | |
| **ALFREDO BRUCE SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

**BEFORE THE COURT** is Defendant Alfredo Bruce Smith's ("Smith") Motion to Continue Trial and Set Motions Deadline—Unopposed, filed on November 10, 2021. (ECF No. 49.) For the reasons stated herein, the time to try this case is extended up to and including May 9, 2022.

This matter commenced on September 1, 2021, when the United States (the "Government") filed a complaint against Defendant Smith. Thereafter, on September 30, 2021, the Government filed a thirteen-count information against Smith, charging two counts of sexual exploitation of a child; seven counts of coercion and enticement; one count of transportation with intent to engage in criminal sexual activity; and three counts of aggravated second degree rape, in violation of 18 U.S.C. §§ 2251(a), 2422(b), 2423(a), and 14 V.I.C. §§ 1701(a)(4) and 1700a(a). (ECF No. 28.)

On October 4, 2021, the Government filed a motion to designate the case as complex, representing that Defendant Smith's Facebook account contained more than 3 million kilobytes of data, including more than 1400 images and 314 videos, in addition to chats and messages. (ECF No. 30.) Moreover, the five mobile phones the Government seized contain an additional 58.4 million kilobytes including videos that indicate potentially dozens of minor victims. The Government further states that the evidence obtained indicates conduct spanning approximately thirteen (13) years.

In light of the volume of evidence, the parties filed a joint motion to extend the discovery deadline to December 31, 2021, to provide additional time to produce the

evidence, analyze and separate the sensitive discovery per the requirements of 18 U.S.C. § 3509(m), and provide defense counsel time to defend against the charges. (ECF No. 47.) On November 9, 2021, the Court granted the motion, extending the discovery deadline to December 31, 2021, and approving the parties' agreement with regard to the § 3509(m) discovery. (ECF No. 48.)

On November 10, 2021, Smith filed a waiver of Speedy Trial, moving the Court "to extend the period of time within which this matter must be tried, up to and including March 1, 2022." (ECF No. 50 at 1.) In support of the waiver, Smith cited the voluminous discovery, as well as the additional time needed to prepare pretrial motions, conduct investigation as needed, and adequately prepare for trial.

On even date, Smith filed an unopposed motion to continue trial and set motions deadline. (ECF No. 49.) In the motion, Smith argues that, due to the voluminous discovery, the complexity resulting from the restrictions of 18 U.S.C. § 3509(m), and Smith's incarceration, "additional time is necessary to ensure that both counsel and Mr. Smith have adequate time to review the discovery before researching and filing motions." *Id.* at 2. As such, Smith requests that the Court extend the motions deadline to March 1, 2022, and set a trial date as appropriate.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that defendants be tried within seventy days of indictment or filing of an information. Nevertheless, pursuant to 18 U.S.C. § 3161(h)(7), a Court may exclude a period of delay in computing the time within which the trial of an offense must commence if the Court grants the continuance because failure to do so "would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "an 'ends of justice' continuance may in appropriate circumstances be granted." *See United States v. Otero*, 557 F. App'x 146, 150 (3d Cir. 2014) (finding that the district court properly excluded from Speedy Trial computations the delays caused by the parties' requests for continuances "to allow sufficient time to prepare due to the complexity of the case").

While the Speedy Trial Act requires that Smith be tried within seventy days of an indictment or filing of an information, the Court specifically finds that extending this period would be in the best interest of justice. Here, the Court finds that an extension is necessary to allow reasonable time for the parties to review the voluminous discovery and adequately prepare for trial.

Moreover, in response to the current conditions in the COVID-19 pandemic, the undersigned, as Chief Judge of the District Court of the Virgin Islands, issued a general order concerning operations of the Court on October 31, 2021, deeming the time period of November 1, 2021 through November 30, 2021, to be "excluded time" under the Speedy Trial Act for purposes of determining when a trial must commence pursuant to 18 U.S.C. § 3161(h)(7)(A).[1] The Court hereby fully incorporates the findings from the Court's Twenty-Ninth Order Concerning Operations as fully stated herein.

To date, the COVID-19 virus has claimed more than 759,000 lives in the United States (84 of which have been in the U.S. Virgin Islands). COVID-19 continues to present an unpredictable threat to public health and safety, as shown in the recent surge in COVID-19 cases both in the continental United States and the Virgin Islands. As such, the Court finds that extending the period within which Defendant Smith may be tried under the Speedy Trial Act is necessary for the protection and well-being of the Defendant, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

The premises considered, it is hereby

**ORDERED** that Defendant Smith's Motion to Continue Trial and Set Motions Deadline—Unopposed, ECF No. 49, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through May 9, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than May 2, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of

---

[1] https://www.vid.uscourts.gov/sites/vid/files/general-ordes/Twenty-Ninth%20Order%20Concerning%20Court%20Operations%20During%20COVID%20Outbreak.pdf

exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than May 4, 2022;[2] and it is further

**ORDERED** that the jury selection and trial in this matter **SHALL** commence promptly at 9:00 a.m. on May 9, 2022, in St. Thomas Courtroom 1.

**Dated:** November 15, 2021

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Any trial exhibits the Defense intends to offer shall be labelled sequentially beginning with Defense Exhibit A.