### DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0019 |
| ) | |
| **ALFRED BRUCE SMITH,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

### ORDER

**BEFORE THE COURT** is Defendant Alfred Bruce Smith's ("Smith") unopposed Motion to Extend Motions Deadline and Continue Trial Date, (ECF No. 66), currently scheduled for May 9, 2022. Also before the Court are a Speedy Trial waiver, ECF No. 67, and a supplemental notice, ECF No. 69, filed by Smith. For the reasons stated herein, the time to try this case is extended up to and including September 6, 2022.

This matter commenced on September 1, 2021, when the United States (the "Government") filed a criminal complaint against Smith, who made his initial appearance on even date. On September 30, 2021, the Government filed an information charging Smith with two counts of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e); seven counts of Coercion and Enticement, in violation of 18 U.S.C. §§ 2422(b) and 2427; one count of Transportation with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a); and three counts of Aggravated Second Degree Rape, in violation of 14 V.I.C. § 1700a(a). (ECF No. 28.) Smith was arraigned on the charges on October 27, 2021.

On February 25, 2022, Smith filed an unopposed motion to extend the motions deadline and continue the trial date. (ECF No. 66.) Smith requests that the deadline to file motions, previously scheduled for March 1, 2022, be extended by sixty days, with "the trial date continued to a date commensurate with the new motions deadline." *Id.* at 1. As a basis for his request, counsel for Smith argues that "additional time is necessary to review all of the Rule 16 discovery, complete the digital forensic investigation, draft and file motions based on review of discovery and investigation, and discuss all of the legal and factual

*United States v. Smith*
Case No.: 3:21-cr-0019
Order
Page **2** of **3**

developments with Mr. Smith." *Id.* Smith further argues in his Speedy Trial waiver that "the primary reason for the extension is to allow the defendant to review voluminous discovery, prepare pretrial motions, and conduct investigation and prepare for trial." (ECF No. 67 at 1.) Smith requests that the Court extend the period of time within which he may be tried in this matter up to and including September 1, 2022.

On April 26, 2022, Smith filed a supplement to his motion, representing that a previous discovery dispute has been resolved and that Smith's digital forensic expert has begun his review of the discovery. Smith argues that because the discovery is voluminous, Smith's attorney needs additional time "to consult with the digital forensics expert, to review discovery and discuss the case with Mr. Smith before filing and litigating motions." (ECF No. 69 at 1.) Counsel for Smith represents that he has consulted with counsel for the Government, who has no objection to the motion as long as Smith signs a speedy trial waiver.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the

*United States v. Smith*
Case No.: 3:21-cr-0019
Order
Page **3** of **3**

ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweighs the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow Smith sufficient time to prepare for trial.

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through September 6, 2022, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that Defendant Smith's Motion to Extend Motions Deadline and Continue Trial Date—Unopposed, ECF No. 66, is hereby **GRANTED**; it is further

**ORDERED** that the motions deadline is **EXTENDED** to June 16, 2022; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than August 26, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than August 31, 2022;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for May 9, 2022, are **RESCHEDULED** to commence promptly at 9:00 A.M. on September 6, 2022, in St. Thomas Courtroom 1.

**Dated:** April 27, 2022                                          /s/_____
                                                                              **ROBERT A. MOLLOY**
                                                                              **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.