## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cr-0019** |
| | ) | |
| **ALFREDO BRUCE SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

**BEFORE THE COURT** is the Government's Motion to Designate Case as Complex and Request for Scheduling Conference, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii). (ECF No. 30). Defendant responded by requesting that the motion be held in abeyance pending Defendant's arraignment and the initial production of discovery. (ECF No. 32.) Defendant was arraigned on October 27, 2021. (ECF No. 41.) Thereafter, the Court directed supplemental briefing. (ECF No. 83). Defendant submitted his supplemental response on September 26, 2022, asserting no objection to the motion. (ECF No. 84) The Government submitted its supplemental brief on September 30, 2022, reaffirming the need to designate this case as complex. (ECF No. 85.) For the reasons stated below, the Court will grant the motion and designate this matter as a complex case.

On September 30, 2021, Defendant was charged in a thirteen- count information with Sexual Exploitation of a Child, Coercion and Enticement, Transportation with Intent to Engage in Criminal Sexual Activity, and Aggravated Second Degree Rape. (ECF No. 28.). The Government contends in its motion that, prior to Defendant's arrest, a federal search warrant was executed on Defendant's Facebook account revealing over 3 million kilobytes of data

which included 1,426 images and 314 video recordings. (ECF No. 30, ¶ 2.) Additionally, the Government contends that five cellular phones have been seized from Defendant containing approximately 58.4 million kilobytes of content, including images and video recordings of suspected child pornography. The Government further contends that the alleged illicit acts and misconduct spans a period of approximately 13 years. (*Id.* ¶ 2-3.) Needless to say, the Government asserts that discovery in this case is voluminous. (*Id.* ¶ 5.)

On August 29, 2022, the United States filed a twenty-count indictment expanding the charges against Defendant and increasing the number of minors he allegedly victimized. (ECF No. 75.)

In his supplemental response to the motion to designate case as complex, Defendant contends that, since his initial response to the motion, his counsel received voluminous amounts of discovery exceeding 50 gigabytes of information and consisting of over 70,000 files. (ECF No. 84 at 1-2.) Defendant argues that review of the discovery is time-consuming and his incarceration complicates case preparation. (*Id.*) Moreover, the superseding indictment charged Defendant with an additional seven counts and four alleged victims. (*Id.*) Defendant asserts that based on the discovery received, the ongoing investigation and additional charges, it is appropriate to designate this case as complex. (*Id.*)

The Government maintains in its supplemental briefing filed on September 30, 2022, that discovery in this case represents over 13 years of alleged illegal conduct, resulting in enormous amount of data found on Facebook and Defendant's cellphone. (ECF No. 85 ¶ 1.). The Government asserts that, although Defendant initially opposed the motion, since that

time a twenty-count indictment expanded the charges against Defendant and increased the number of minors he allegedly victimized. (*Id.* ¶ 3.)

Ordinarily, the Speedy Trial Act requires that a defendant be brought to trial within seventy (70) days from the filing date of the information or indictment, or from the date the defendant has appeared before the court in which the charge is pending. 18 U.S.C. § 3161(c)(1). This time may be tolled if the Court designates the case as complex and explicitly finds "that the ends of justice served by [granting a continuance on such basis] outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). Among the factors that the Court must consider include "whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Id. at § 3161(h)(7)(B)(ii).

Pursuant to Local Rule of Criminal Procedure 12.6:

If the United States intends to seek complex case designation for the purpose of excluding time in which trial must be commenced, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and B(ii), an attorney for the United States shall file a written motion prior to arraignment. At arraignment, the Court may set a date for a hearing on the motion seeking a complex case designation. At a time set by the Court, each defendant shall file a written response to the motion for complex case designation, indicating that party's agreement or opposition, and the reasons therefor.

LRCr 12.6.

The Government sought a designation that this case be deemed complex from an early stage in this litigation and prior to arraignment. Although this case involves one defendant, this case involves multiple allegations of child sex crimes wherein there is no dispute among

the parties that discovery is voluminous. The discovery involves thousands of images portraying child pornography, hundreds of videos, and over 3 million kilobytes of data. The alleged illegal acts involve multiple victims spanning a 13-year period. The defense articulated in his supplemental response that he received 50 gigabytes of information consisting of over 70,000 files. It is extremely likely that the defense will need a substantial amount of time to review the discovery materials in order adequately prepare a defense in this matter. Thus, in light of the nature of the case and the voluminous discovery that must be analyzed by Defendant and defense counsel to defend the charges properly, the Court finds that the case is so complex or unusual that it is unreasonable to expect adequate preparation for pretrial proceedings or trial within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, it is

**ORDERED** that the Government's Motion to Designate Case as Complex and Request for Scheduling Conference, ECF No. 30, is **GRANTED;** it is further

**ORDERED** that this matter is designated as complex pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii); it is further

**ORDERED** that a telephonic scheduling conference shall be held on November 15, 2022, at 10:00 a.m. Call-in information will be provided to the parties at a later date.

**Date:** November 3, 2022                    */s/ Robert A. Molloy*
                                             **ROBERT A. MOLLOY**
                                             **Chief Judge**