## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0019 |
| ) | |
| **ALFREDO BRUCE SMITH,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

**THIS MATTER** came before the Court for a telephonic status conference held on November 15, 2022, during which United States of America ("the Government") made an oral motion to continue trial currently scheduled for December 5, 2022. Defendant Alfredo Bruce Smith's ("Smith") did not object to the motion and requested an extension of time to file motions, without an objection. The Government also requested an extension of the discovery deadline without an objection. For the reasons stated herein, the time to try this case is extended up to and including September 11, 2023, the discovery deadline is extended to February 17, 2023, and the deadline to make motions is extended to March 31, 2021.

This matter commenced on September 1, 2021, when the Government filed a criminal complaint against Smith, who made his initial appearance on even date. On September 30, 2021, the Government filed an information charging Smith with two counts of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e); seven counts of Coercion and Enticement, in violation of 18 U.S.C. §§ 2422(b) and 2427; one count of Transportation with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a); and three counts of Aggravated Second-Degree Rape, in violation of 14 V.I.C. § 1700a(a). (ECF No. 28.) Smith was arraigned on the charges on October 27, 2021. On August 29, 2022, a grand jury returned a twenty-count indictment expanding the charges against Smith and increasing the number of minors he allegedly victimized. (ECF No. 75.) On November 3, 2022, the Court granted the Government's motion to designate this case as complex based on the nature of

the case and the voluminous discovery involving multiple allegations of child sex crimes spanning a 13-year period, which consists of 3 million kilobytes of data including images portraying child pornography and hundreds of videos. (ECF No. 87.)

The Government contends that a continuance of the trial is warranted in light of the ongoing plea negotiations, the voluminous discovery, the scope of the charges against Smith and reports of additional victims which may necessitate a fling of a superseding indictment. Although the Government asserts that it produced to Smith all discovery in its possession, to the extent that the case is "fluid" and additional discovery may need to be produced pertaining to additional victims, extending time to complete discovery is necessary to accommodate the nature and scope of additional discovery which is unknown at this time. Smith contends that extending the deadline to file any motions is necessary to permit sufficient time to review the discovery and to make arrangements for his defense expert to review images and any other evidence that may be forthcoming.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted," *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994), including "to permit plea negotiations to continue," *id*. at 445. *See United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted

by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweighs the best interest of the public and the defendant in a speedy trial. This case is designated as complex and involves voluminous discovery concerning the twenty-count indictment against Smith for alleged illegal acts spanning a 13-year period. The Court hereby fully incorporates its findings made in its November 3, 2022 Order designating this case complex as if fully stated herein. The Government indicated its intent to file a superseded indictment based on reports of additional victims and Smith indicated his need for additional time for him and his expert to review the discovery and to make any motions. Moreover, the parties indicated that they are actively engaged in continuing plea negotiations. Here, an extension of time is necessary to allow the Government to complete the discovery and file a superseded indictment, to permit Smith sufficient time to make any motions based on the voluminous discovery, including any additional discovery the Government may produce, to allow the parties to continue the plea negotiations and to prepare for trial.

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through September 11, 2023, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the Government's unopposed motion to continue trial date is hereby **GRANTED**; it is further

**ORDERED** that the Government's unopposed motion to extend the discovery deadline is **GRANTED** and the discovery deadline is **EXTENDED** to February 17, 2023; it is further

**ORDERED** that Smith's unopposed motion to extend the motions deadline is **GRANTED** and the motions deadline is **EXTENDED** to March 31, 2023; it is further

**ORDERED** that a telephonic pre-trial status conference shall **COMMENCE** at 10:00 A.M. on August 18, 2023; it is further

*United States of America v. Smith*
Case No. 3:21-cr-0019
Order
Page **4** of **4**

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than September 1, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than September 6, 2023;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for December 5, 2022, are **RESCHEDULED** to commence promptly at 9:00 A.M. on September 11, 2023, in St. Thomas Courtroom 1.

**Dated:** November 15, 2022    /s/_____
                                **ROBERT A. MOLLOY**
                                **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.